# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| **FRED KASPER and GINA KASPER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| v. | ) Case No. 4:21-cv-00027 |
| | ) District Judge Charles E. Atchley, Jr. |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | ) Magistrate Judge Susan K. Lee |
| | ) |
| **Defendant.** | ) |

## LM INSURANCE CORPORATION'S ANSWER TO COMPLAINT

Defendant, LM Insurance Corporation, incorrectly named in the Complaint as Liberty Mutual Insurance Company, by and through undersigned counsel, files this Answer to the Complaint filed by Plaintiffs, Fred Kasper and Gina Kasper ("Plaintiffs"), and responds to the allegations as follows:

## PARTIES[1]

1. Upon information and belief, the allegations in Paragraph 1 are admitted.

2. Upon information and belief, the allegations in Paragraph 2 are admitted.

3. Admitted. However, Liberty Mutual Insurance Company was improperly named as a Defendant.

## JURISDICTION AND VENUE

4. Admitted that 309 Wellington Drive, Manchester, TN 37355 (the "Property") is at issue in this matter. Denied that Plaintiffs have a valid claim for relief or that the loss they allege is covered under the terms of the insurance policy.

5. Paragraph 5 contains legal conclusions to which no response is required. To the

---

[1] The headings in this Answer are being used in order to maintain consistency between the Complaint and this Answer. The headings should not be interpreted as LM admitting any fact that is not expressly admitted elsewhere in this Answer.

extent a response is required, Defendant has removed this matter to the United States District Court for the Eastern District of Tennessee and believes that venue is appropriate here.

6. Paragraph 6 contains legal conclusions to which no response is required. Defendant has removed this matter to the United States District Court for the Eastern District of Tennessee. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7. Admitted, upon information and belief.

8. **Exhibit A** is self-explanatory and any allegation inconsistent with the contents of that document is hereby denied. To the extent a further response is required, Defendant admits Plaintiffs purchased Policy No. H35-251-399024-40 9 5 ("Policy") for the policy period September 25, 2019 at 12:01 a.m. through September 25, 2020 at 12:01 a.m. Defendant denies, however, that Liberty Mutual Insurance Company issued the Policy. Rather, it was issued by LM Insurance Corporation.

9. Defendant is without personal knowledge to admit or deny the date upon which Plaintiffs first discovered the alleged water damage. Accordingly, Defendant denies the allegations contained in Paragraph 9 and demands strict proof thereof.

10. Paragraph 10 calls for a legal conclusion to which no response is required. To the extent a further response is required, Defendant admits Plaintiffs' claim was assigned Claim Number 042902630-01.

11. Paragraph 11 calls for a legal conclusion to which no response is required.

12. **Exhibit B** is self-explanatory and any allegation inconsistent with the contents of that document is hereby denied. Defendant denies the remaining allegations in Paragraph 12 as written.

13. The portion of Paragraph 13 citing to Tennessee Code Annotated calls for a legal

conclusion to which no response is required. To the extent a response is required, **Exhibit C** is self-explanatory and any allegation inconsistent with the contents of that document is hereby denied. Defendant further denies Plaintiffs are entitled to the relief they demanded.

14. Denied.

15. Paragraph 15 and all of its subparts (a) – (g) are denied as written and strict proof is demanded.

16. Denied.

### COUNT ONE: BREACH OF CONTRACT

17. Defendant reincorporates its responses contained in the preceding paragraphs as thought set forth verbatim herein.

18. Denied.

19. Denied.

### COUNT TWO: BAD FAITH REFUSAL TO PAY PURSUANT TO T.C.A. § 56-7-105

20. Defendant reincorporates its responses contained in the preceding paragraphs as thought set forth verbatim herein.

21. Denied.

22. Exhibit C speaks for itself and Defendant denies any allegation inconsistent with that document.

23. Admitted, with the caveat that Plaintiffs were not entitled to the payment they demanded.

24. Denied.

25. Denied.

### DAMAGES

26. Defendant reincorporates its responses contained in the preceding paragraphs as

thought set forth verbatim herein.

27. Defendant is without information or knowledge to form a belief as to the type or amount of damages Plaintiffs allege they are entitled to recover. Additionally, Defendant denies that it is liable to Plaintiffs for any of the damages they seek. Therefore, Defendant denies the allegations contained in Paragraph 27 and its subparts (a) – (c) and demands strict proof thereof.

28. The remainder of the Complaint contains a prayer for relief to which no response is required. To the extent a response is required, Defendant denies Plaintiffs are entitled to any of the relief they seek.

29. Any allegation not expressly admitted is hereby denied.

### **General and Affirmative Defenses**

1. Plaintiffs fail to state a cause of action upon which relief can be granted.

2. Plaintiffs' alleged losses are not covered by the Policy.

3. Defendant has acted in good faith at all times relevant to this action.

4. Plaintiffs breached their duty to read and understand the Policy.

5. Defendants may have failed to properly mitigate their damages.

6. Defendant hereby gives notice that it intends to rely upon any other such defenses as may become apparent or available during the proceedings in this case and hereby reserves the right to amend its Answer to assert such defenses.

Respectfully submitted,

*s/John R. Wingo*
John R. Wingo (BPR No. 016955)
Ashley Goins Alderson (BPR No. 034253)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN  37219
Telephone:  (615) 782-2200
Email: jwingo@stites.com
aalderson@stites.com

C*ounsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2021, a true and exact copy of the foregoing was electronically filed with the Clerk's office using the CM/ECF system and served via the Court's CM/ECF system and/or via e-mail and/or first-class U.S. mail upon the parties listed below. Parties may also access this filing through the Court's CM/ECF system.

Alex S. Fisher
Morgan & Morgan –  Nashville
810 Broadway, Suite 105
Nashville, TN 37203
afisher@forthepeople.com
*Counsel for Plaintiffs*

*s/John R. Wingo*
John R. Wingo